T.C. Memo. 2005-139


UNITED STATES TAX COURT


REGINA BRUCE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4647-04.          Filed June 15, 2005.


Regina Bruce, pro se.

Brianna B. Taylor, for respondent.


MEMORANDUM OPINION


COUVILLION, Special Trial Judge:  Respondent determined the

following deficiencies and sections 6651(a)(1) and 6654[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

additions to tax for petitioner's 1998, 1999, 2000, and 2001

taxable years:

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|-----------------|-----------|
| 1998 | $2,283.60 | $1,070.93 | $103.64 |
| 1999 | 5,634.00 | 2,422.62 | 270.56 |
| 2000 | 4,267.00 | 1,542.90 | 229.49 |
| 2001 | 2,621.00 | 812.51 | 103.72 |

The issues for decision are whether petitioner received

taxable income during those years, and, if so, whether she is

liable for the tax and additions to tax determined by respondent

for such years.

Some of the facts were stipulated, and those facts, with the

annexed exhibits, are so found and are incorporated herein by

reference.  At the time the petition was filed, petitioner's

legal residence was Lake City, Georgia.

Petitioner did not file Federal income tax returns for any

of the years at issue.  She did not file for extensions of time

to file for those years, nor did she make any estimated payments

toward her tax liabilities.  Respondent prepared substitutes for

return for each of the subject years and issued a notice of

deficiency for each year based on wage and dividend information

reported by six different third party payers.  The third party

payers who reported paying petitioner wages or dividends were

Minolta Business Systems, Inc. (Minolta); Ikon Office Solutions

West, Inc. (Ikon); PFS Shareholder Services S B Money Fund; OCE

USA, Inc.; Carmax Auto Superstores, Inc. (Carmax); and Primerica Shareholder Services.  Based on the information returns, respondent determined that petitioner earned the following in wage and dividend income for said years:

| Year | Amount |
|------|--------|
| 1998 | $22,055 |
| 1999 | 39,102 |
| 2000 | 34,637 |
| 2001 | 24,943 |

The notices of deficiency were issued December 17, 2003.

Petitioner is a part-time consultant in sales and marketing. During the years in question, petitioner also sold copiers on behalf of Minolta and Ikon and automobiles on behalf of Carmax. Petitioner reluctantly admitted she was paid by each of the companies for her services but maintains that such payments do not constitute taxable income.

At trial, petitioner argued that the notices of deficiency were invalid; however, she offered no evidence to substantiate that claim.  Petitioner's testimony throughout trial was limited to legal arguments that respondent had failed to provide her with "full disclosure" pursuant to 26 U.S.C. section 6303(a) (2000) and accusations that this Court and the laws of the United States are unduly prejudiced against her and were "seeking to enslave" her.  Furthermore, petitioner claimed that the notices of deficiency for the subject years were "officially dead and mute"

because the Department of the Treasury had refused to submit a sworn affidavit disclosing "who made the determination of deficiency; was it the Secretary who made the determination; if it was not the Secretary, then who and was that person authorized to make the determination; and by whom was that person authorized to make the determination of deficiency."

Petitioner bore the burden of proving the determinations by respondent were incorrect; she did nothing to advance her position or fulfill the burden of proof.[2] In fact, when the Court sought to elicit from her whether she might be entitled to dependency exemptions or deductions for charitable contributions, petitioner refused to answer, stating: "It's not relevant. If someone doesn't have taxable income, why would it be relevant". The Court, therefore, sustains respondent on the determinations for 1998, 1999, 2000, and 2001.

---

[2]Generally, the determinations of the Commissioner in a notice of deficiency are presumed correct, and this presumption places the burden on the taxpayer to show that the determinations are incorrect. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Sec. 7491, under certain circumstances, alters the burden of proof with respect to a taxpayer's liability for taxes in court proceedings arising in connection with examinations commencing after July 22, 1998. Although this examination commenced after July 22, 1998, petitioner does not satisfy the requirements of sec. 7491(a). Not only did petitioner not produce credible factual evidence that she was not liable for the tax, but also she did not cooperate with respondent before trial. Therefore, petitioner bears the burden of proof at trial.

With respect to the section 6651(a)(1) addition to tax, a taxpayer is subject to an addition to tax for failure to file a timely return, unless the taxpayer can establish that such failure "is due to reasonable cause and not willful neglect." Sec. 6651(a)(1).[3]  Willful neglect is defined as "a conscious, intentional failure, or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner was required to file a timely Federal income tax return for each of the years at issue.  Sec. 6012.  Petitioner offered no other excuse for not filing timely returns for the years at issue other than the blanket statement that she did not earn taxable income and, therefore, was not required to file returns.  Petitioner earned taxable income during 1998, 1999, 2000, and 2001 and should have filed a timely income tax return for each of the years. Petitioner's reasons for not filing amount to "willful neglect". Sec. 6651(a)(1); United States v. Boyle, supra at 246. Respondent is, therefore, sustained on this issue.

Respondent also determined a section 6654 addition to tax against petitioner.  A taxpayer is subject to this addition to tax "in the case of any underpayment of estimated tax by an

---

[3]Under sec. 7491, respondent first must produce evidence that petitioner meets the factual requirements of any penalty or addition to tax before the burden shifts to the taxpayer. Respondent satisfied his burden by producing evidence that petitioner did not file a timely return during the years at issue.  Therefore, burden has shifted to petitioner to show there was reasonable cause for her delay in filing.

individual." Sec. 6654(a). Subject to certain statutory exceptions, the addition to tax is applied if the amount of withholding and estimated tax payments does not equal statutorily designated amounts. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1999). The section 6654 addition to tax is mandatory unless the taxpayer comes within one of the limited statutory exceptions. Sec. 6654(e); see Recklitis v. Commissioner, 91 T.C. 874 (1988). Petitioner's only argument as to why she did not make any estimated payments was that she did not earn taxable income. Petitioner does not qualify for any of the listed exceptions. Sec. 6654(e). She is, therefore, liable for the section 6654 addition to tax for each of the years at issue.

At trial, respondent filed a written motion for the penalty under section 6673(a). Section 6673 allows the Court to impose a penalty, in an amount up to $25,000, on a taxpayer if the position or positions asserted by the taxpayer in the case are frivolous or groundless. Sec. 6673(a)(1)(B).

Petitioner's positions were those of a classic tax protester. Before, during, and after trial, petitioner flooded respondent and this Court with exhibits and inflammatory affidavits advancing her position that the U.S. tax system is

unlawful,[4] and the IRS is abusive. Furthermore, her conduct at trial was highly improper. She refused to answer factual questions during trial about how much money she earned, whether she had ever filed a tax return, or whether she obtained tax advice from anyone. Instead, petitioner persisted in repeating her statements about the illegality of the Internal Revenue Code and the oppression of the IRS toward her and all fellow citizens. When the Court reprimanded her for wasting time on frivolous arguments, petitioner simply restated her beliefs and accused the Court of trying to silence her. Finally, when the Court denied her objections as to the relevancy of respondent's routine questions and ordered her to answer, petitioner answered each question with "I have amnesia; I don't know."

Petitioner was warned repeatedly that her arguments were frivolous and that, if she continued in that vein, she would be subject to an additional penalty. Furthermore, when respondent moved to impose the penalty, the Court gave petitioner an opportunity to file a reply brief. Petitioner's reply brief, however, simply reiterated the protester arguments she advanced at trial. On this record, the Court grants respondent's motion

---

[4]For example, petitioner attached a computer CD entitled A Disturbing Expose' of the United States Income Tax System to many of her letters and affidavits.

and imposes a section 6673(a) penalty of $10,000 for instituting and maintaining a frivolous and groundless petition.

<u>An appropriate Order and Decision will be entered for respondent.</u>